

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| C. DUFF NOLAN JR., P.A.<br>d/b/a NOLAN LAW FIRM | PLAINTIFF |
| VS. NO. 5:02 CV 00111 WRW | |
| MONSANTO COMPANY;<br>ASGROW SEED COMPANY, LLC;<br>PHARMACIA BIOTECH, INC.; and<br>PHARMACIA COMPANY | DEFENDANTS |

### AMENDED COMPLAINT

Comes the Plaintiff, Nolan Law Firm, by and through its attorneys, Perroni & James, and for its Amended Complaint states:

### I. PARTIES

1. C. Duff Nolan Jr., P.A. d/b/a Nolan Law Firm, P.A. ("Nolan Law Firm"), is an Arkansas corporation with its principal place of business located in Stuttgart, Arkansas.

2. Monsanto Company is a foreign corporation registered to do business in the State of Arkansas.

3. Asgrow Seed Company, LLC is a foreign limited liability company authorized to do business in Arkansas.

4. Pharmacia Corporation is a foreign corporation authorized for business in the State of Arkansas.

5. Pharmacia Biotech, Inc. is a foreign corporation authorized to do business in the State of Arkansas.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties as each of the parties reside or do business in the State of Arkansas.

7. Venue is proper in this county as the services which are the subject of this dispute were provided in Arkansas County and each of the parties transact business in Arkansas County.

## III. DISCUSSION OF FACTS

8. Each of the Defendants are affiliated with or transact business on behalf of Monsanto Corporation and are collectively referred to as "Monsanto".

9. Beginning on or about 1995, Nolan Law Firm began providing legal services to Monsanto.

10. The relationship between Monsanto and Nolan Law Firm grew and Monsanto began to extensively utilize the services of Nolan Law Firm.

11. In the performance of these services, Monsanto required a separate telephone line to be installed at the Nolan Law Firm for instant accessibility.

12. In addition, Monsanto utilized the Nolan Law Firm as its outside counsel and as general counsel to its then subsidiary Hartz Seed Company. A merger of Hartz and Monsanto later took place.

13. Monsanto required that Nolan Law Firm utilize its internal e-mail and have another dedicated line with Nolan's address being MonAG101.

14. Commencing in the year1999, Monsanto became involved in extensive litigation which required substantial resources of not only the Nolan Law Firm but outside contracting services.

15. Although various litigation involved Asgrow, Hart Seed, and other Defendants, all litigation was assigned an internal Monsanto number.

16. In 2000, Monsanto stopped paying the statements of the Nolan Law Firm and allowed fees and expenses to mount without explanation.

17. The Nolan Law Firm was involved in extensive litigation on behalf of Monsanto at that time and could not, without violating its ethical obligations, withdraw from litigation.

18. Monsanto failed to indicate any problems with the statements. To the contrary, Monsanto repeatedly assured the Nolan Law Firm that payments would be forthcoming.

19. In late 2000 and early 2001, the Nolan Law Firm became more insistent regarding payment of its fees.

20. On January 5, 2001, Duff Nolan wrote to Randy Mariani, Assistant General Counsel - Litigation for Monsanto, stating:

> I do not know why Monsanto has not paid by law firm on a number of invoices that were sent several months ago.
>
> My wife, Terri, who does the billing for the law firm, has had numerous phone conversations with Karen and most recently with Carmen about paying our invoices.
>
> What can I do to help cure whatever the problem is with getting these invoices paid?

A copy of this letter is attached hereto as Exhibit A and incorporated by reference.

21. On January 10, 2001, Randy Mariani responded to the January 5, 2001 letter of Duff Nolan, stating:

> Yes, I had signed and approved the invoices a long time and do not know what happened to them in the processing stage. I have signed a duplicate set and we are trying to get them through again. Sorry for the delay.

A copy of this e-mail is attached as Exhibit B.

22. Despite these Representations from Monsanto, the invoices of the Nolan Law Firm were not paid.

23. On or about April 2001 Monsanto, for the first time, raised alleged billing problems.

24. In addition, for the first time, Monsanto sent a billing policy to the Nolan Law Firm and contended the Nolan Law Firm was not following that policy.

25. Despite the previous years of representation, Monsanto had never sent such a policy to the Nolan Law Firm or contended it was bound by such billing policy.

26. Upon identification of questions relating to the billings of the Nolan Law Firm, the Nolan Law Firm quickly responded and answered all questions of the Defendants.

27. Instead of taking the information and paying the bills, Monsanto on numerous occasions "lost" the information and required it to be resubmitted on multiple occasions.

28. In recognition of its tremendous obligations to the Nolan Law Firm, on approximately July 11, 2001, Monsanto made a payment to the Nolan Law Firm in the amount of Two Hundred Thirteen Thousand, Three Hundred Twenty-One Dollars and Forty-Two Cents ($213,321.42) which represented a payment of approximately fifty percent (50%) of the invoice amount for certain legal fees. This payment was for expenses reimbursement.

29. Shortly thereafter, at the request of Monsanto, Nolan Law Firm allowed an auditor from Monsanto to conduct an audit of all billings and invoices to each of the Defendants and Monsanto agreed to share all findings in the audit with Nolan, yet later refused.

30. With the exception of a few billing errors which were corrected, no material discrepancies or problems were uncovered in connection with the audit.

31. Despite the audit, Monsanto failed and refused to pay Nolan Law Firm for the sums which it is due.

32. In the fall of 2001, Nolan Law Firm withdrew from its representations of Monsanto.

33. There is presently due and owing by the Defendants to the Nolan Law Firm the sum of Four Hundred Forty-Two Thousand, Four Hundred Twenty-Five Dollars and Eighty-Six Cents ($442,425.86). Copies of the statements as of December 31, 2001 are attached hereto as Exhibit C and are incorporated by reference.

34. Nolan Law Firm reserves the right to amend its pleadings to assert additional causes of action upon the completion of discovery.

35. Nolan Law Firm demands a trial by jury of all issues raised in this Amended Complaint.

WHEREFORE, Nolan Law Firm prays that it be granted judgment against Monsanto Company, Asgrow Seed Company, LLC, Pharmacia Biotech, Inc. and Pharmacia Company, for its attorneys' fees, costs, pre-judgment interest, post-judgment interest, and any and all other just and proper relief.

Respectfully submitted,

By: _____
PATRICK R. JAMES
Perroni & James
801 West Third Street
Little Rock, AR 72201-2103
Phone: (501) 372-6555
Fax: (501) 372-6333

## CERTIFICATE OF SERVICE

I, Patrick R. James, certify that a true and correct copy of the foregoing has been sent by U.S. Mail with sufficient postage attached, this 7th day of February, 2003, to:

John K. Baker, Esq.
Mitchell, Williams, Selig,
 Gates & Woodyard, PLLC
425 West Capitol, Suite 1800
Little Rock, Arkansas 72201

Thomas J. DeGroot, Esq.
Husch & Eppenberger, LLC
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105-3441

PATRICK R. JAMES

Nolan\1Amended Complaint.010803

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*